# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURA REED,  )<br>  )<br>    Plaintiff  )<br>  )<br>  v.  )<br>  )<br>CENTRAL CREDIT SERVICES f/k/a  )<br>INTEGRITY SOLUTION SERVICES,  )<br>INC., a wholly-owned subsidiary of  )<br>RADIUS GLOBAL SOLUTIONS,  )<br>LLC,  )<br>  )<br>    Defendant  ) | **Case No.:** 3:15-cv-187<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**(Unlawful Debt Collection Practices)** |

## COMPLAINT

LAURA REED ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CENTRAL CREDIT SERVICES f/k/a INTEGRITY SOLUTION SERVICES, INC., a wholly-owned subsidiary of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Johnstown, Pennsylvania 15902.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See 15 U.S.C. §1692k(a) and Wenrich v. Cole, 2000 U.S. Dist LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Defendant, Central Credit Services f/k/a Integrity Solution Services, Inc., is a debt collection company with its principal place of business located at 9550 Regency Square Boulevard, Suite 602, Jacksonville, Florida 32225.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), as it sought to collect a debt from Plaintiff.

10. Radius Global Solutions, LLC through its wholly-owned subsidiary, Central Credit Services f/k/a Integrity Solution Services, Inc., manage and collects debts.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. At all pertinent times hereto, Defendant was hired to collect a consumer debt and attempted to collect that debt from Plaintiff.

13. The debt arose out of transactions that were primarily for personal, family, or household purposes.

14. As Plaintiff does not owe any business debt, any debt that Defendant was attempting to collect could only be personal in nature.

15. Defendant collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone and/or internet.

16. Beginning in September 2014, and continuing through December 2014, Defendant attempted to collect a consumer debt from Plaintiff.

17. In its attempts to collect a debt, Defendant would call Plaintiff multiple times a day on her cellular telephone.

18. For example, Defendant called Plaintiff on: September 6, 2014, at 8:12 a.m., 9:53 a.m., 10:49 a.m., and 11:47 a.m.; September 8, 2014, at 12:46 p.m., 3:28 p.m., and 6:04 p.m.; September 9, 2014, at 8:54 a.m., 10:25 a.m., 11:26 a.m., 1:56 p.m., and 4:14 p.m.; September 10, 2014, at 8:17 a.m., 10:57 a.m., and 11:55 a.m. ; September 11, 2014, at 9:56 a.m., 10:42 a.m., 12:04 p.m., and 1:18 p.m.; and  November 5, 2014, at 8:33 a.m., 11:41 a.m., 2:36 p.m., 3:49 p.m., 5:02 p.m., and 8:06 p.m.

19. It was inconvenient and harassing to Plaintiff to be called multiple times a day for three (3) months by Defendant in its attempts to collect a debt.

20. Finally, in its attempts to collect a debt, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written correspondence informing her of her rights to dispute the debt and/or to request verification of the debt, as well as her right to request the name and address of the original creditor.

21. Defendant's repeated calls were individually, and as a whole, abusive and harassing.

# DEFENDANT VIOLATED THE
# FAIR DEBT COLLECTION PRACTICES ACT

## COUNT I

22. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692d and 1692d(5).

    a.    A debt collector violates § 1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

    b.    A debt collector violates § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

    c.    Here, Defendant violated §§ 1692d and 1692d(5) by continuously calling Plaintiff's cellular telephone multiple times a day, with the intent to annoy, abuse, and harass Plaintiff.

## COUNT II

23. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

    a.    A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

    b.    Here, Defendant violated § 1692f of the FDCPA by repeatedly calling Plaintiff each day and not restricting the number of calls to Plaintiff.

## COUNT III

24.    Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692f of the FDCPA.

    a.    A debt collector violates §1692g(a) of the FDCPA by failing to send to the consumer, within five days after its initial communication with a consumer in connection with the collection of a debt, a written notice containing: (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the

        debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated §1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt or providing her with the name of the original creditor and the amount of the debt.

WHEREFORE, Plaintiff, LAURA REED, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LAURA REED, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: 07-15-15            By: */s/ Craig Thor Kimmel*
　　　　　　　　　　　　　　　CRAIG THOR KIMMEL
　　　　　　　　　　　　　　　PA Attorney ID No. 57100
　　　　　　　　　　　　　　　Kimmel & Silverman, P.C.
　　　　　　　　　　　　　　　30 E. Butler Pike
　　　　　　　　　　　　　　　Ambler, PA 19002
　　　　　　　　　　　　　　　Phone: (215) 540-8888
　　　　　　　　　　　　　　　Fax: (877) 788-2864
　　　　　　　　　　　　　　　Email:   kimmel@creditlaw.com